**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **AMY SCHADEWALD,** | § | |
| | § | |
| Plaintiff, | § | **Civil Action No.: 5:22-cv-157** |
| | § | |
| **v.** | § | |
| | § | |
| **THOMAS J. HENRY LAW, PLLC,** | § | |
| | § | |
| Defendant. | § | **JURY DEMAND** |

# PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff AMY SCHADEWALD (hereinafter referred to as "Plaintiff") makes the below allegations in support of her claims against Defendant THOMAS J. HENRY LAW, PLLC (hereinafter referred to as "Defendant").

## I. INTRODUCTION

1. Plaintiff files this action against Defendant (who was her previous employer) because Defendant discriminated and retaliated against Plaintiff because of her disability, in violation of the Americans with Disabilities Act of 1990 (hereinafter referred to as "ADA") (42 U.S.C. § 12101 et seq.). In addition, Defendant violated the Family Medical Leave Act of 1993, as amended (hereinafter referred to as "FMLA") (29 U.S.C. § 2601 et seq.). Specifically, Defendant discriminated, retaliated against, and interfered with Plaintiff's right to take a FMLA-protected leave. Ultimately, due to Plaintiff's disability and her after attempting to use FMLA-protected leave because of her serious health condition, Defendant terminated Plaintiff's employment.

## II. PARTIES

2. Plaintiff (who is an employee within the meaning of the ADA and the FMLA) is an

individual who resides in San Antonio, Texas in Bexar County, Texas. During Plaintiff's employment with Defendant, Plaintiff performed work in San Antonio, Texas in Bexar County, Texas.

3. Defendant (who is an employer within the meaning of the ADA and the FMLA) is a domestic limited liability company that is authorized to do business in Texas with its principal office location listed as 5711 University Heights Boulevard, Suite 101, San Antonio, Texas 78249. Defendant can be served with process by serving its registered agent for service of process, Thomas J. Henry, 5711 University Heights Boulevard, Suite 101, San Antonio, Texas 78249, or wherever Defendant may be found.

## III. JURISDICTION

4. This Court has federal question jurisdiction over this action under 28 U.S.C. § 1331, as this case is being brought pursuant to the Americans with Disabilities Act of 1990 (42 U.S.C. § 12101 et seq.) and the Family Medical Leave Act (29 U.S.C. § 2601 et seq.).

5. This Court has personal jurisdiction over Defendant because it is qualified to do business in Texas, including being registered with the Texas Secretary of State. Additionally, during all relevant time periods identified within this lawsuit, Defendant has regularly conducted and continues to conduct business within this district in Texas.

## IV. VENUE

6. Pursuant to 28 U.S.C. § 1391(b)(1), venue is proper in this district because Defendant resides in this district. Furthermore, pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in this district because a substantial part of the events and/or omissions giving rise to this claim occurred in this district.

## V. CONDITIONS PRECEDENT

7. All conditions precedent have been performed and/or have occurred. Specifically, Plaintiff has exhausted all administrative remedies. Specifically, Plaintiff dually filed a Charge of Discrimination with the Equal Employment Opportunity Commission and the Texas Workforce Commission – Civil Rights Division within the requisite time period (based on the date of Defendant's wrongful and unlawful conduct). Plaintiff is filing this Complaint within ninety (90) days from Plaintiff's receipt of the Equal Employment Opportunity Commission's "Dismissal and Notice of Rights."

## VI. FACTUAL SUMMARY

8. On or about July 22, 2019, Plaintiff started working for Defendant as an attorney. During Plaintiff's employment, she had not received any verbal or written warnings, any write-ups regarding her performance, or anything regarding her employment. In fact, on or about January of 2020, Plaintiff had received a very good performance review.

9. In 2020, Defendant had its staff working from home because of the Covid-19 pandemic. In June 2020, some of Defendant's staff members returned to work. However, Defendant also allowed some of its staff members to continue working from home.

10. On or about August 4, 2020, Plaintiff was having problems walking. Plaintiff was also experiencing chronic back pain and weakness. On or about August 5, 2020 through August 10, 2020, Plaintiff was hospitalized because she was not able to walk.

11. Thereafter, since Plaintiff continued to have problems walking when she was discharged from the hospital, she applied FMLA leave; and, she was deemed to be eligible for FMLA leave due to her serious health condition. As part of Plaintiff's FMLA leave paperwork, her doctor's certification for her serious health condition stated that due to Plaintiff's condition,

her incapacity was permanent or long term; and, due to said incapacity, she was going to have to continue seeing health care professionals and receive multiple treatments, including (but not limited to) seeing a neurosurgeon and receiving physical therapy about three (3) times per week. The FMLA leave paperwork also stated that Plaintiff could work, but that she should work from home. At this point, Defendant still had all of its employees working from home because of Covid-19.

12. Due to Plaintiff's disability/serious health condition, she was not able to walk without the use of a walker. She also could not climb stairs. Additionally, it was extremely difficult and painful for Plaintiff to go from sitting to standing and vice versa.

13. However, Plaintiff was able to work from home and perform her job duties and responsibilities. Due to Plaintiff's disability, she requested reasonable accommodations, including (but not limited to) working remotely and being given an assigned parking spot. She requested these reasonable accommodations multiple times.

14. Defendant denied Plaintiff's requests for reasonable accommodations without any reason. Oddly, Defendant was still having employees working remotely because of Covid-19, yet denied Plaintiff's request to work remotely. Furthermore, despite the fact that there were assigned parking spots that were near the back door that was closest to Plaintiff's office, those assigned parking spots were all empty because those attorneys never returned to work in the office once Covid-19 started. Thus, Defendant required Plaintiff to continue parking in an unassigned parking spot, which meant that the distance she had to work from a parking spot to her office depended on the parking spot that she got on that day. Regardless, whichever parking spot she got on any given day was a long-distance walk for her, which was very difficult and painful for Plaintiff. Even though the unassigned parking spots were about four hundred (400) feet away from Defendant's

office, it still took Plaintiff about ten (10) to fifteen (15) minutes to walk to Defendant's office.

15. On or about November 6, 2020, Defendant terminated Plaintiff without any notice or warning. Defendant had no legitimate business reason for terminating Plaintiff.

16. Thus, Plaintiff was wrongfully terminated because of her disability and because she went out on FMLA leave regarding her serious health condition. Additionally, Plaintiff was wrongfully terminated because of the complaints that she made to Defendant about the discrimination, retaliation, and interference regarding her disability and having to go out on FMLA leave due to her serious health condition.

## VII. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### Violation of the Americans with Disabilities Act of 1990: Disability Discrimination

17. Plaintiff realleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

18. At all relevant times, Plaintiff belonged to a protected class because she had a disability (i.e., she was unable to walk without the use of a walker).

19. Plaintiff was qualified for the position that she held when she was employed by Defendant. Plaintiff possessed the requisite skill, education, experience, and/or training for the position. In fact, at the time of Plaintiff's termination, she had been successfully working for Defendant for about one and a half (1 ½) years. Additionally, Plaintiff was able to perform the essential job functions with or without a reasonable accommodation.

20. As set forth above, Defendant treated other similarly-situated employees that were outside of Plaintiff's protected class more favorably than Plaintiff because of her disability (i.e., she was unable to walk without the use of a walker). Ultimately, after being discriminated against

during her employment with Defendant because of her disability, Plaintiff was terminated. Thus, Defendant subjected Plaintiff to an adverse employment action when she was terminated.

21. Defendant intentionally discriminated against Plaintiff with respect to her compensation, terms, conditions, and/or privileges of employment because of her disability.

22. As a result of Defendant's intentional unlawful conduct, Defendant violated the ADA when it discriminated against Plaintiff because of her disability.

23. As a result of Defendant's unlawful conduct, Plaintiff suffered damages and continues to suffer harm. Thus, Plaintiff is entitled to all legal and equitable remedies available for Defendant's violation of the ADA, including (but not limited to) lost earnings, lost benefits, other financial losses, punitive damages, attorneys' fees, and costs. Plaintiff has suffered and continues to suffer impairment to her name and reputation, humiliation, embarrassment, emotion and physical distress, and mental anguish. The damages that Plaintiff has suffered due to Defendant's intentional unlawful actions are within the jurisdictional limits of this Court.

**SECOND CAUSE OF ACTION**

**Violation of the Americans with Disabilities Act of 1990: Failure to Accommodate**

24. Plaintiff realleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

25. At all times relevant to this lawsuit, Plaintiff belonged to a protected class because of her disability (i.e., she was unable to walk without the use of a walker).

26. Plaintiff was qualified for the position that she held when Defendant employed her. Plaintiff possessed the requisite skill, education, experience, and/or training for the position. Specifically, at the time of Plaintiff's termination, she had been successfully working for Defendant for about one and a half (1 ½) years.

27. As such, Plaintiff was able to perform the essential functions of her job with or without a reasonable accommodation.

28. During Plaintiff's employment with Defendant, Plaintiff requested a reasonable accommodation because of her disability. Specifically, Plaintiff requested that she be able to work remotely and she also requested that she be assigned a parking spot that was closer to Defendant's office. As such, Defendant was aware that Plaintiff had a disability and was put on notice of her disability.

29. There existed a reasonable accommodation of the disability that would have allowed Plaintiff to perform the essential functions of her job. However, Defendant refused to make the reasonable accommodations that Plaintiff requested even though the request would not have caused significant difficulty or expense to Defendant. In short, there would not have been any undue hardship on the operation of Defendant's business if Defendant had granted Plaintiff's reasonable accommodation requests.

30. As a result of Defendant's intentional unlawful actions, it violated the ADA when it failed to provide Plaintiff with reasonable accommodations because of her disability.

31. As a result of Defendant's unlawful conduct, Plaintiff suffered damages and continues to suffer harm. Thus, Plaintiff is entitled to all legal and equitable remedies available for Defendant's violation of the ADA, including (but not limited to) lost earnings, lost benefits, other financial losses, punitive damages, attorneys' fees, and costs. Plaintiff has suffered and continues to suffer impairment to her name and reputation, humiliation, embarrassment, emotion and physical distress, and mental anguish. The damages that Plaintiff has suffered due to Defendant's intentional unlawful actions are within the jurisdictional limits of this Court.

## THIRD CAUSE OF ACTION

### Violation of the Americans with Disabilities Act of 1990: Retaliation

32. Plaintiff realleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

33. Plaintiff engaged in protected activity when she complained to Defendant about the discrimination that she endured during her employment with Defendant because of her disability (i.e., she was unable to walk without the use of a walker).

34. After Plaintiff's complaints were made, an adverse action occurred. Specifically, Defendant retaliated against Plaintiff by terminating her employment. There is a causal connection between Plaintiff's protected activity and the adverse employment action.

35. Defendant's purported reasons for its retaliatory conduct are merely pretext for the discrimination complaints.

36. As a result of Defendant's intentional unlawful actions, Defendant violated the ADA when it retaliated against Plaintiff by terminating her employment after she complained to Defendant about the disability discrimination that she endured while she was employed by Defendant due to her disability.

37. As a result of Defendant's unlawful conduct, Plaintiff suffered damages and continues to suffer harm. Thus, Plaintiff is entitled to all legal and equitable remedies available for Defendant's violation of the ADA, including (but not limited to) lost earnings, lost benefits, other financial losses, punitive damages, attorneys' fees, and costs. Plaintiff has suffered and continues to suffer impairment to her name and reputation, humiliation, embarrassment, emotion and physical distress, and mental anguish. The damages that Plaintiff has suffered due to Defendant's intentional unlawful actions are within the jurisdictional limits of this Court.

**FOURTH CAUSE OF ACTION**

**Violation of the Family Medical Leave Act: Discrimination/Retaliation**

38. Plaintiff realleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

39. The FMLA makes it unlawful for an employer to discharge or in any other manner discriminate against an employee who exercises a right to take leave under the FMLA. 29 U.S.C. § 2615(a)(2). Based on the foregoing, it is evident that Defendant discriminated against Plaintiff, including (but not limited to) retaliating against Plaintiff and terminating Plaintiff's employment because she exercised her right to take leave under the FMLA. Defendant would not have retaliated and discriminated against Plaintiff but for her engaging in FMLA-protected activity.

40. Plaintiff invoked her right to use FMLA benefits and engaged in FMLA-protected activity, including attempting to take time off from work for her serious health condition.

41. As set forth above, Plaintiff suffered an adverse employment action, as Plaintiff was terminated. As such, the adverse employment was causally connected to Plaintiff's invocation of her FMLA-protected leave and FMLA rights.

42. Defendant would not have terminated Plaintiff but for her engaging in FMLA-protected activity.

43. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damages, and seeks to recover said damages, including (but not limited to) the following: any wages, salary, employment benefits, or other compensation denied or lost by reason of the violations (29 U.S.C. § 2617(a)(1)(A)(i)(I)) as well as the interest on said amounts calculated at the prevailing rate (29 U.S.C. § 2617(a)(1)(A)(ii)). Plaintiff is also entitled to liquidated damages under 29 U.S.C. § 2617(a)(l)(A)(iii), as Defendant did not act in good faith and had no reasonable

grounds for believing it was not violating the FMLA. Moreover, under 29 U.S.C. § 26l7(a)(l)(B), Plaintiff is entitled to appropriate equitable relief, including employment, reinstatement, and/or promotion. Finally, Plaintiff is entitled to reasonable attorneys' fees, reasonable expert witness fees, and other costs relating to this lawsuit. 29 U.S.C. § 26l7(a)(l)(A)(3). The damages that Plaintiff has suffered due to Defendant's intentional unlawful actions are within the jurisdictional limits of this Court.

**FIFTH CAUSE OF ACTION**

**Violation of the Family Medical Leave Act: Interference**

44. Plaintiff realleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

45. The FMLA makes it unlawful for an employer to interfere with an employee attempting to exercise their rights under the FMLA. 29 U.S.C. § 2615(a)(l) ("It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter.".).

46. Plaintiff was entitled to time off from work because she had a serious health condition that made her unable to perform the functions of her employment position (for a short amount of time).

47. Plaintiff gave Defendant proper notice of the need for time off from work because she was unable to walk and needed to seek additional treatment from health care professionals. Specifically, Plaintiff provided Defendant notice as soon as practicable under the facts and circumstances. Plaintiff provided Defendant with enough information to put Defendant on notice that FMLA leave was needed because of a serious health condition.

48. As set forth above, Defendant interfered with, restrained, and/or denied Plaintiff's

entitlement to take time off from work pursuant to the FMLA. Defendant discouraged Plaintiff from taking, being on, and/or using FMLA-protected leave. Furthermore, Plaintiff was entitled to be restored to her same position of employment, or to an equivalent position upon her return from FMLA leave. However, while Plaintiff was still on intermittent FMLA leave, Defendant failed and refused to restore Plaintiff to her same position, or to an equivalent position with equivalent benefits, pay, and other terms and conditions of employment, as Defendant terminated Plaintiff's employment.

49. Defendant illegitimately prevented Plaintiff from obtaining all of the benefits that Plaintiff was entitled to, as set forth within the FMLA.

50. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damages, and seeks to recover said damages, including (but not limited to) the following: any wages, salary, employment benefits, or other compensation denied or lost by reason of the violations (29 U.S.C. § 2617(a)(1)(A)(i)(I)) as well as the interest on said amounts calculated at the prevailing rate (29 U.S.C. § 2617(a)(1)(A)(ii)). Plaintiff is also entitled to liquidated damages under 29 U.S.C. § 2617(a)(l)(A)(iii), as Defendant did not act in good faith and had no reasonable grounds for believing it was not violating the FMLA. Moreover, under 29 U.S.C. § 26 l 7(a)(l)(B), Plaintiff is entitled to appropriate equitable relief, including employment, reinstatement, and/or promotion. Finally, Plaintiff is entitled to reasonable attorneys' fees, reasonable expert witness fees, and other costs relating to this lawsuit. 29 U.S.C. § 26l7(a)(l)(A)(3). The damages that Plaintiff has suffered due to Defendant's intentional unlawful actions are within the jurisdictional limits of this Court.

## VIII. <u>JURY DEMAND</u>

51. Plaintiff hereby demands a jury trial.

## IX. PRAYER

52. For the foregoing reasons, Plaintiff asks this Court for a judgment against Defendant for the following:

a) Actual/compensatory damages;

b) Exemplary/punitive damages;

c) Liquidated damages;

d) General damages;

e) Special damages;

f) Equitable relief;

g) Pre-judgment interest at the highest legal rate;

h) Post-judgment interest at the highest legal rate until paid;

i) Attorneys' fees;

j) All costs; and

k) Such other and further relief, at law or in equity, general or special to which Plaintiff may show that Plaintiff is justly entitled.

Respectfully submitted,

/s/ *Gregg M. Rosenberg*
Gregg M. Rosenberg
Texas State Bar ID: 17268750
Rosenberg & Associates
3518 Travis Street, Suite 200
Houston, Texas 77002
Telephone No.: (713) 960-8300
Facsimile No.: (713) 621-6670
E-Mail: gregg@rosenberglaw.com
Attorney-In-Charge for Plaintiff